UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 6 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

STEPHEN P. WALLACE,

    Plaintiff,

v.

U.S. SENATE SELECT COMMITTEE
ON ETHICS, *et al.*,

    Defendants.

Case: 1:14-cv-01878
Assigned To : Unassigned
Assign. Date : 11/6/2014
Description: Pro Se Gen. Civil

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff, who describes himself as a "Private Attorney General," has filed a "Complaint for Relief of Civil Rights & RICO Violations and for Preliminary Injunction." Compl. at 1 (page numbers designated by the Court). According to plaintiff, defendants have committed "Interstate Financial Fraud; US Tax Evasion; [and] Identity Theft and Forged Deeds," *id.*, and otherwise have "covertly schemed" to deprive plaintiff of constitutionally protected rights, *id.* For example, plaintiff alleged that defendants "subjected [him] to intentional, with malice & forethought, discrimination by virtue of the 'Selective Enforcement' of irrefutable US RICO violations," *id.* at 3 (Count II), and "intentionally trampled with malice and forethought" plaintiff's civil rights, *id.* (Count IV). Not a single allegation is devoted to Senator Inhofe's supposed wrongdoing, yet plaintiff has demanded monetary damages and a preliminary

injunction "on US Senator James Inhofe's pending Candidacy for the upcoming November 4[th], 2014, Mid-Term Election," among other relief. *Id.* at 4.

The Court is mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than is applied to a pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, a complaint is subject to dismissal if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(1)(B). And "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, neither the complaint nor plaintiff's motion for a preliminary injunction "demonstrate[s] 1) a substantial likelihood of success on the merits, 2) that [the plaintiff] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). Plaintiff thus fails to demonstrate that injunctive relief is warranted in this case.

Accordingly, the Court will deny plaintiff's motion for a preliminary injunction and dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 11/5/2014

_____
United States District Judge